IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DORIS. E. TUCKER,                          )
                                           )
          Claimant,                        )
                                           )
v.                                         )     Civil Action No. 7:24-cv-00060
                                           )
U.S. BANK TRUST NATIONAL                   )     By:  Elizabeth K. Dillon
      ASSOCIATION,                         )          United States District Judge
                                           )
          Respondent.                      )

**MEMORANDUM OPINION AND ORDER**

Claimant Doris E. Tucker, proceeding *in forma pauperis*, has filed a motion for a

temporary restraining order (TRO) and an "order to show cause for preliminary injunction"

against the U.S. Bank Trust Association (U.S. Bank).  (Mot. 1, Dkt. No. 6.)  This memorandum

opinion and order will only address Tucker's motion for a TRO.  For the following reasons,

Tucker's motion for a TRO will be denied without prejudice.

Tucker filed a complaint against U.S. Bank on January 23, 2024, for "engaging in

fraudulent activities and legal violations in relation to the handling of Claimant's loan and

mortgage" and brought claims for fraud, violations of Virginia Code § 18.02–115 and § 152.3

(theft by conversion), and violations of the Real Estate Settlement Procedures Act, the Securities

Exchange Act, and the Truth in Lending Act.  (Compl. 3–4, Dkt. No. 2.)  Tucker subsequently

filed her motion for a TRO on January 29, 2024.  (Mot. 1.)  As of the writing of this opinion,

U.S. Bank has not received notice of Tucker's motion.  Federal Rule of Procedure 65(b)(1)

provides that a TRO may be issued without notice *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that
>     immediate and irreparable injury, loss, or damage will result to the movant
>     before the adverse party can be heard in opposition; and

>   (B) the movant's attorney certifies in writing any efforts made to give notice and
>        the reasons why it should not be required.

Tucker's complaint, unlike her motion for a TRO, was not signed under penalty of perjury or sworn to under oath and thus cannot be considered a "verified complaint."  The court is therefore constrained to the facts included in the motion for a TRO, which the court construes as an "affidavit" for purposes of its evaluation of Tucker's request.  However, Tucker's motion is devoid of any facts that would support the issuance of a TRO.  Tucker merely states, in conclusory fashion, that U.S. Bank has been engaged in fraudulent activities and violated several statutes.  Nowhere does it state that Tucker is at risk of "immediate and irreparable injury, loss, or damage" if the TRO were not issued.  Fed. R. Civ. P. 65(b)(1)(A).  Furthermore, Tucker merely restates the rule for written certification of efforts taken to provide notice without any facts enumerating these efforts nor the reasons notice should not be required.  (Mot. 2.)

CONCLUSION AND ORDER

Tucker's motion for a TRO does not meet the standards set forth in Federal Rule of Procedure 65(b)(1).  Tucker may eventually be able to satisfy these requirements but has not done so here.  For these reasons, the court HEREBY ORDERS that Tucker's motion for a temporary restraining order (Dkt. No. 6) is DENIED WITHOUT PREJUDICE.  The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Tucker.

Entered: January 30, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge