IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DORIS. E. TUCKER, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | Civil Action No. 7:24-cv-00060 |
| ) | |
| U.S. BANK TRUST NATIONAL ) | By: Elizabeth K. Dillon |
| ASSOCIATION, ) | United States District Judge |
| ) | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Claimant Doris E. Tucker, proceeding *pro se*, has filed an amended motion for a temporary restraining order (TRO) and an "order to show cause for preliminary injunction" against the U.S. Bank Trust Association (U.S. Bank). (Am. Mot. 1, Dkt. No. 10.) This memorandum opinion and order will only address the motion for a TRO and the motion for a stay of execution. Tucker has also filed a motion to stay the execution of what the court assumes to be a state court judgment. (Dkt. No. 9.) For the following reasons, Tucker's amended motion for a TRO will be denied without prejudice, and her motion for a stay of execution will be dismissed for lack of jurisdiction.

I. BACKGROUND

Tucker filed a complaint against U.S. Bank on January 23, 2024, for "engaging in fraudulent activities and legal violations in relation to the handling of Claimant's loan and mortgage" and brought claims for fraud, violations of Virginia Code § 18.02-115 and § 152.3 (theft by conversion), and violations of the Real Estate Settlement Procedures Act, the Securities Exchange Act, and the Truth in Lending Act. (Am Compl. 3–4, Dkt. No. 8.) Tucker subsequently filed a motion for a TRO on January 29, 2024. (Mot. 1, Dkt. No. 6.) The next day,

the court denied Tucker's motion without prejudice because Tucker failed to comply with the requirements of Federal Rule of Procedure 65(b)(1) for issuing a TRO without notice. (Dkt. No. 7.) Tucker subsequently filed an amended motion for a TRO on January 31, 2024, as well as a motion for a stay of execution. (Dkt. Nos. 10 and 9, respectively.)

## II.  DISCUSSION

**A.  Motion for Temporary Restraining Order**

As of the writing of this opinion, U.S. Bank has not received notice of Tucker's amended motion. Federal Rule of Procedure 65(b)(1) provides that a TRO may be issued without notice *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Tucker *did* provide additional facts in her amended motion purporting to show her risk of immediate and irreparable injury if the TRO were not issued, claiming that she is experiencing health issues and having "major surgery" in February 2024. (Dkt. No. 10-1.) Tucker also signed her amended complaint under penalty of perjury, which allows the court to consider the facts therein for its evaluation of her motion for a TRO. *See* Fed. R. Civ. P. 65(b)(1)(A). However, Tucker has yet to certify in writing any efforts she took to give notice to U.S. Bank. Nor has she provided reasons as to why notice should not be required. She again merely restates the rule for written certification of efforts taken to provide notice. (Am. Mot. 2.) Therefore, Tucker's amended motion for a TRO will be dismissed without prejudice.

**B.  Motion for Stay of Execution**

Tucker is seeking "a stay of execution [ordered] for halting enforcement of the judgment entered in this case (Case No. CL23001493-00), pending the outcome of a TRO and Order for Preliminary Injunction served by and through Rule 65(b)(1) of the Federal Rule of Civil Procedure."  (Mot. for Stay 1, Dkt. No. 9.)  The court has not issued any judgment in *this* case nor is the case number Tucker provides a case number that exists in the Western District of Virginia.  The court therefore assumes that the judgment Tucker references is a state court judgment, though Tucker does not identify from which court the judgment originates.  She has not attached a copy of the judgment or provided a summary of its ruling.

Tucker states that she is requesting a stay of execution under Rule 62(a) of the Federal Rules of Civil Procedure, which reads, "Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  However, Rule 62(a) only applies to *federal* judgments.  Tucker is presumably requesting the court stay a *state* court judgment against her.

The court is barred from considering Tucker's motion to stay pursuant to the *Rooker-Feldman* doctrine.[1]  As the Fourth Circuit has explained, "[t]he *Rooker–Feldman* doctrine holds that lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions."  *Safety–Kleen, Inc. v. Wyche*, 274 F.3d 846, 857 (4th Cir. 2001) (internal citations and quotation marks omitted).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court must dismiss the action if it determines that it lacks subject matter jurisdiction.  The court will therefore dismiss Tucker's motion for a stay of execution.

---

[1] The doctrine is based on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

III. CONCLUSION AND ORDER

For the foregoing reasons, the court HEREBY ORDERS that Tucker's amended motion for a temporary restraining order (Dkt. No. 10) is DENIED WITHOUT PREJUDICE and Tucker's motion for a stay of execution (Dkt. No. 9) is DISMISSED for lack of subject-matter jurisdiction. The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Tucker.

Entered: February 2, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge